JAMES BRIDGFORD v. MANHATTAN FIRE INSURANCE CO.

**Insurance Policy—Insurable Interest—Principal and Agent.**

When a tenant acting for himself and his landlord takes out a policy of insurance on a building and contents, the contents belonging to the tenant and the building to the landlord, and the policy is delivered to the tenant and is by its terms made payable to him, and he informs the agent of the facts of ownership and the agent then amends the policy by making it payable to the landlord and tenant in proportion to the ownership of each, and the premium is paid, the company is not in a position to deny its liability on account of the policy being made payable to the two persons.

APPEAL FROM LOUISVILLE CHANCERY COURT.

January 13, 1875.

OPINION BY JUDGE PRYOR:

On September 15, 1872, the Manhattan Fire Insurance Company of New York issued, and by its agents delivered to George A. Scott a policy of insurance, by which, in consideration of the premium in hand paid, it agreed to insure "George A. Scott, for the period of one year, against loss or damage by fire to the amount of $2,500, viz., $2,000 on the two-story brick metal-roofed building, and $500 on merchandize, hazardous and not hazardous, principally tinware contained therein occupied by the assured as a store and shop, situate No. 90, on the south side of Water street, Portland,

Louisville, Kentucky. Loss, if any under this policy on building, payable to James Bridgford, Esq."

Among the terms and conditions annexed to the policy, and made part of the contract of insurance, are the following: First, "If the interest of the assured in the property, whether as owner, trustee, consignee, agent, mortgagee, lessee or otherwise, be not truly stated in the policy, then it is to be void;" second, "If the interest of the assured in the property be any other than the entire, unconditional and sole ownership of the property for the use and benefit of the assured, it must be so represented to the company, and so expressed in the written part of this policy; otherwise the policy shall be void; third, "It is a part of this contract that any person, other than the assured, who may have procured the insurance to be taken, shall be deemed to be the agent of the assured named in this policy, and not of this company, under any circumstances whatever, unless he shall hold his commission, signed by the officers of the company or its duly authorized agents."

On July 30, 1873, the building and contents were destroyed by fire. The company paid to Scott the value of the contents of the building, but refused to pay to Bridgford the insurance on the building, or any sum whatever, by reason of his loss. This action was then instituted by Bridgford, uniting Scott with him, as plaintiff to recover of the company the sum of $1,880, the value of the building.

It is alleged in the petition that Bridgford was the owner of the building, and that Scott, as his tenant and agent, made the contract of insurance and paid the premium. It is further alleged that the agents of the company knew when they made the contract of insurance with Scott, that Bridgford was the owner in fee of the property; that it was so represented to them by Scott, and the latter was only interested to the extent of the value of the merchandise in the building; that it was the intention and meaning of Scott and the company's agent that the insurance on the building was for the benefit of Bridgford, and that the interest each had in the property he fully and truly represented to the agents at the time; that by mistake or ignorance the name of Bridgford was omitted from the policy.

The answer filed by the company denies any mistake in the execution of the contract, or ignorance on the part of its agents or the assured as to the rights of Bridgford. It is also denied that Scott insured the property as the tenant or agent of Bridgford, and the latter having insured the building in his own name, without dis-

closing the character of his title or that Bridgford was the real owner, neither Scott nor Bridgford are entitled to a judgment. The court below, taking this view of the question presented, dismissed the petition, and Bridgford appeals to this court.

It is conceded that Bridgford owned the building when the contract of insurance was made, and the proof shows that Scott was his tenant, holding the property for no definite period, only at the will of his landlord. The only property the tenant had in the building was some tinware of the value of five hundred dollars. The facts connected with the insurance are inconsistent with the conclusion that the agents of the company were in ignorance as to the real owner, or without knowledge as to the object in view when the allegation was made in the policy, by which Bridgford became the insured of the building, and Scott of its contents. Scott, who, it seems, effected this insurance for Bridgford at the instance of a solicitor for the local agents of the company, but whose authority to act both the agent and the company deny, was dissatisfied with the policy at first issued, as it gave to him the benefit of the insurance on the building instead of Bridgford, the real owner. It appears that when the policy was delivered to Scott by the solicitor that he declined to receive it. This objection having been made to the solicitor, or the party pretending to act as such, and upon the request of Scott that the policy should be altered so as to make Bridgford the insured of the building, the solicitor took the policy from him and had the alteration made by the local agent of the company, so as to make it read, "Loss, if any, * * * on building payable to James Bridgford." After the alteration was made Scott accepted the policy and paid the premium to one of the local agents.

The solicitor obtaining this insurance for the local agents had no recollection of being informed by Scott why he desired the alteration made in the policy; nor does he recollect that anything was said as to Bridgford being the owner of the building. The agent of the company making the alteration seems to have been as ignorant of the real owner as his solicitor, and when handed the policy with the request to make the alteration, made no inquiry as to why the change was desired or what interest either Scott or Bridgford had in the property insured. Scott was not present when the policy was fixed up, or the alteration made, this being done by the local agent at the instance of his solicitor, and taking their recollection of the facts, they were both in entire ignorance of the rights or purpose of the parties for whose benefit the contract of insurance was made.

Scott's statement, connected with the circumstances attending the transaction, is entitled to more consideration than the mere want of knowledge or recollection of facts upon the part of appellee's agent. He avers that he directed the insurance of the house to be made for Bridgford, and accepted it as such from the solicitor who had the change made by the local agent.

At the time the insurance was effected Scott had no interest in the building. He was tenant under a rental contract with Bridgford, holding the property at the will of the latter. All the property he had in the building was some tinware of the value of five hundred dollars, and this was insured in the same policy. He was under no obligation to insure for Bridgford except as agent. It does not appear that he was indebted to him in any way and had effected the insurance as an indemnity. He could have derived no benefit from the insurance on the building. That it belonged to Bridgford is conceded, and no motive can be assigned for this action on the part of Scott, except as is made known by his own statement "that he insured the property for the owner," and this part is manifest from the policy itself.

Although the solicitor, under the proof in this case, may not be regarded as the agent of the company, still he was soliciting insurance at the instance or by the consent of the local agent; and the circumstances conduce strongly to show that this agent knew the object of the insurance at the time he altered the policy, and that Bridgford was the real owner. The policy upon its face indicated that Bridgford had an interest in it, and a knowledge by the agent of the interest of that intent is manifested by his action after the building was burned. He made out or assisted Scott in preparing the proof necessary to enable Bridgford to get his money, in which it is recited that Scott owned the tinware and Bridgford the building. The claim to the loss sustained by the destruction of the building was asserted in Bridgford's name, and according to the statement of the local agent, he knew the day succeeding the fire that Bridgford owned the building, and attempted to adjust the loss with Bridgford at $1,880.

The amount of this loss was also ascertained at the instance of the agent in his endeavor to have the property rebuilt. The agent admits that he agreed with Bridgford that $1,880 should be considered the value of the property, but says that he had no power to bind the company or adjust the loss. Although he may not have been clothed with the authority to make a final adjustment of the

claims asserted by Scott and Bridgford, his conduct is inconsistent with the idea that he was ignorant of the purposes for which the alteration was made. The agent was also solicitous that the company should pay the money for the reason, as he says, the refusal might affect his business; but we are inclined to the opinion that if the insurance had been made by Scott in his own name, and without disclosing the interest of Bridgford and his purpose to insure for Bridgford, it would have been such a palpable violation of the regulations of the company as would have deterred the agent from interceding in his behalf or that of Bridgford. The fact that the rules of the company require that the name of the true owner shall be disclosed, or rather the insured being required to disclose the extent of his interest, if he is not the real owner, cannot be held to protect the appellee from responsibility in a case like that. The company's local agent and his solicitor having undertaken to make this contract, the latter acting for the local agent as well as the assured, if the writing is to be reformed upon the ground of a mistake alone in its execution, the facts and circumstances are so strong as to the intention of both parties, and as to what the real contract was, that the chancellor ought not to hesitate to say that the building was insured for Bridgford and as his property. The proof is so clear as to leave no reasonable doubt; and circumstances shown to have existed, have overwhelmed the testimony by which their existence is attempted to be separated.

In the case of the *National Fire Insurance Company of Baltimore v. Crane,* 16 Maryland 260, a case similar in many respects to the one being considered, the relief was denied the plaintiff upon the alleged mistake, for the reason that James L. Gray and brother, to whom the policy issued (loss, if any, payable to Crane & Co.), were the beneficial owners of the property, or had an interest in it, and the object was only to protect Crane & Co., in advances made to the Grays for a large sum of money. The court, in that opinion, says: "There is nothing in the condition of the property, in regard to ownership, or in the object to be accomplished, which could raise the presumption that it must have been the intention of the parties to insure some interest that W. Crane & Co. had in the property, and not that of the Grays." The reasoning of the court in that case indicated clearly that if the facts had been developed as they appear in this record the relief would have been granted.

If Scott had been the real owner of the property, and the agent of the company at his request had made the loss, if any, payable to

Bridgford, we see no reason why Bridgford could not have maintained the action; and the policy in this case having been issued in the first place to Scott alone as the assured, and the agent, before the policy was accepted, having been informed that Bridgford was the owner, and was to be the assured instead of Scott, and the alteration being made for that purpose, in the manner it appears in this policy, it is clear that Bridgford, being the real owner, has a right of action against the company.

*Newman v. The Springfield Fire & Marine Insurance Company,* 17 Minnesota 123. There is no evidence in the case authorizing this court to assume that the insurance was effected by Scott without Bridgford's knowledge, nor can we perceive why the latter's failure to testify is to affect his rights. He was not present when the contract was made, but swears to his petition, in which it is alleged that Scott made the insurance for him, and as his agent, and in this he is fully sustained by the testimony in the case. The appellee has received and now holds the premium paid on this insurance, and should not be allowed to say upon the facts of this record that appellant is not entitled to recover because Scott had no title to or interest in the building. The facts of the record indicate that the agent of the appellee recognized the equity and justice of appellant's claim, but his interest was subordinate to those who had the right to control his action. The judgment is *reversed* and cause remanded with directions to render a judgment for the appellants for the sum of $1,880, with interest from the date the insurance money was payable.

*John M. Harlan, for appellant.*
*William Remecke, for appellee.*